**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher,<br><br>           Plaintiff,<br><br>v.<br><br>Siji Thomas, et al.,<br><br>           Defendants. | No. CV-22-00682-PHX-ROS (ESW)<br><br>**ORDER** |

On January 10, 2023, the Court granted Plaintiff's request for a preliminary injunction and ordered Defendants to have Plaintiff seen by an offsite ear, nose, and throat ("ENT") specialist within ten days. (Doc. 69 at 10). On the deadline, January 20, 2023, Defendants filed a notice stating they were "unable to schedule Plaintiff for an [ENT] consultation sooner than his currently scheduled appointment" in February 2023. (Doc. 69 at 1). That notice, however, does not contain sufficient information for Defendants to avoid a finding of civil contempt. Defendants will be required to file a further explanation and, depending on that information, the Court may impose coercive sanctions to compel compliance.

According to Defendants, "only certain specialists with ADCRR contracts may provide off-site medical care to ADCRR inmates." (Doc. 71 at 4). Despite that limitation, in early November 2022, Defendants contacted five ENTs who do not have ADCRR contracts to see if they would see Plaintiff. Those ENTs, unsurprisingly, could not see Plaintiff. It is not clear if Defendants requested those five ENTs enter into contracts to see

ADCRR prisoners. But based on Defendants' notice, it appears there is only one ENT in Arizona who has a contract with ADCRR. Defendants made an appointment with that ENT and that appointment is set for the second week of February. After the Court's January 10 Order, Defendants sent a fax to that ENT seeking an earlier appointment. The ENT responded no earlier appointment was available. Defendants did not take any additional steps to find another ENT to see Plaintiff by the Court-imposed deadline.

Despite arguing they took all reasonable steps to comply with the Court's Order, Defendants do not identify any effort to pursue seemingly obvious options. For example, after the Court's January 10, 2023, Order, Defendants did not contact additional ENTs, assuming there are other ENTs with contracts with ADCRR. If there is only one ENT under contract with ADCRR, Defendants do not set forth any attempt to enter into contracts with additional ENTs. And if Defendants have a contract with only one ENT for the entire prisoner population, they have not explained how that limitation is appropriate. Given the almost four-month delay in this case due to limited availability of the ENT who has a contract with ADCRR, the need for Defendants to have at least one additional ENT under contract seems apparent.

Defendants will be required to provide the following additional information:

- The number of ENTs who have contracts with ADCRR such that they are able to see prisoners;
- The number of ENTs Defendants believe would be necessary to see all referred ADCRR prisoners within 30 days of a referral;
- Defendants' efforts between January 10, 2023, and January 20, 2023, to obtain contracts with other ENTs. If no such efforts were made during that time period, Defendants should explain why;
- Defendants' contacts, if any, between January 10, 2023, and January 20, 2023, with all ADCRR contracted ENTs, not including the ENT who is scheduled to see Plaintiff in February. If no such contacts were made during that time period, Defendants should explain why;

- Whether it would be appropriate for Defendants to seek emergency care for Plaintiff, such as at a hospital.

In crafting their response, Defendants should also address the Ninth Circuit's holding that "[l]ack of resources is not a defense to a claim for prospective relief because prison officials may be compelled to expand the pool of existing resources in order to remedy continuing Eighth Amendment violations." *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (noting government has "obligation to provide medical care for those whom it is punishing by incarceration").

Accordingly,

**IT IS ORDERED** no later than **January 26, 2023**, Defendants shall file a notice, accompanied by appropriate declarations, setting forth the information identified above.

Dated this 23rd day of January, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge